BLAIR, Trustee, *v.* ST. LOUIS, H. & K. R. Co. and others. (NORTON, Intervenor.[1])

*(Circuit Court, E. D. Missouri.* March 19, 1885.)

1. RECEIVERS—ANTE-RECEIVERSHIP DEBTS—ATTORNEYS' FEES.
   A claim of an attorney against a railroad, for fees earned a year and a half before the appointment of a receiver, is not entitled to any preference.
2. SAME—ATTORNEYS' SALARY.
   Where the annual salary of the attorney of a railroad falls due only a short time before the road is placed in the hands of a receiver, his claim against the company is entitled to priority over that of mortgage bondholders.
3. SAME—PAYMENT OF JUDGMENT AGAINST ROAD.
   One who pays a judgment against a railroad company a few weeks before the appointment of a receiver, under an agreement that the amount so advanced shall be repaid by the company, is not entitled to priority over bondholders.

In Equity. Exceptions to master's report.
*Theo. G. Case,* for complainant.
*John O'Grady,* for receiver.
*James Carr,* for intervenor.

BREWER, J., *(orally.)* In the exceptions which have been argued to the reports of the master in the case of *Blair* against *St. Louis, Hannibal & Keokuk Railroad,* the first that I shall notice is that in the case of *Norton* against *Railroad Company,* where three sets of claims were presented.

The first was for services as special attorney in two or three cases, a year and some months prior to the appointment of the receiver, amounting to $135. The master disallowed that; that is, he recog-

[1] Reported by Benj. F. Rex, Esq., of the St. Louis bar.

nized it as a claim against the company, but refused to give it priority over the mortgages. In that, I think that he was right. While, of course, as we in the profession all agree, lawyers are benefactors to the race, and entitled to special consideration at the hands of any intelligent tribunal, yet I think that the lawyer who waits a year and a half before collecting his fees is guilty of great negligence. He certainly presents no equitable claims for preference.

The second claim is for salary for the year prior to the appointment of the receiver. The master finds, and that fact is not challenged, that he was to be paid a salary of a thousand dollars, payable at the end of the year, which amount became due just before the appointment of the receiver; and it is insisted on the part of the bondholders that that is not a claim of a character to be recognized and awarded priority; in other words, that the services of an attorney are not necessary to the operation of a railroad. The counsel seemed to liken this to the rulings under that statute, in force in some states, making a railroad company responsible to one employe for the negligence of a co-employe. Such statute has been held to refer only to that negligence which occurs in the management of the trains, the actual operation of the road, something which is attended with peculiar risk, and so justifying an exception to the general rule of masters' liability. It does not seem to me that in that idea is to be found the true test. I think that whatever is necessary in the ordinary administration of the affairs of the corporation, comes within the spirit of the decisions of the supreme court; and that an attorney's services are thus necessary is very clear. That exception made by the bondholders will be overruled, and the allowance sustained.

The third arises upon these facts. It appears that this gentleman, the attorney of the road, paid off sundry judgments, rendered before justices of the peace, against it, paid certain claims for wages, and for stock killed, etc., and paid them under an arrangement, between himself and the president of the company, that the money thus advanced by him should be repaid by the company on the first of January, 1884. This was only a few weeks before the appointment of the receiver, and his claim is that, having paid these liabilities of the company, at its instance, under a contract by which repayment to him was to be made at a time within less than six months before the appointment of the receiver, such debt should be preferred to the mortgage. We do not think so. It amounts simply to this: He loaned the company so much money, but the bondholders had loaned theirs long before, and loaned it secured by a lien. If he had taken a mortgage at the time of making this loan, and thus obtained a lien, no one would contend that he thereby obtained priority over the earlier loan. That is all this transaction amounts to. He loaned so much money to the company, but did not take a lien. Now he asks that, not having taken a lien, and having loaned the money a few weeks before the appointment of the receiver, that he should obtain priority

over those who loaned money three or four years or more ago and then took a mortgage. All the exceptions in this case of Norton's will be overruled.