[No. 8478.]

### Helm v. Smith et al.

Railway Mortgage—*Preference of Ordinary Claims.* According to the general rule in equity, ordinary liabilities of railway company are preferred to the mortgage debt, only when accrued within six months prior to the appointment of a receiver. (205.)

The rule is departed from only in extreme cases and for special reasons. (205.)

The salary of an attorney, accrued, all of it, more than 13 months prior to the appointment of the receiver, no effort having been made to enforce payment, and the attorney having all the time full knowledge of the bonded indebtedness, *held,* not entitled to preference. (205.)

*Error to Denver District Court.* Hon. George W. Allen, Judge.

Mr. Harry E. Kelly, Mr. Charles H. Haines, and Mr. N. Walter Dixon, for plaintiff in error.

Mr. William V. Hodges, Mr. D. Edgar Wilson, and Mr. W. W. Garwood, for defendants in error.

Mr. Justice Hill delivered the opinion of the court.

On May 1, 1909, the plaintiff in error was employed by The Denver, Laramie and Northwestern Railroad Company to act as its consulting attorney at a salary of $3,000.00 per year, payable quarterly. This employment

lasted for two years, at the expiration of which period there was due him $2,550.00 upon his second year's salary. In April or May of 1910, the railroad company floated a bond issue of $1,500,000.00 secured by mortgage upon its property, etc. In June, 1912, it was placed in the hands of receivers for the benefit of its creditors, in order to have its assets marshaled, the rights of various persons interested therein determined, its property sold under the mortgage, etc. The question here is whether the plaintiff in error's claim should be allowed in a certain preferred class, thereby taking priority over the bonds or be allowed as a common claim subject thereto. The judgment of the trial court placed it in the list of common claims.

The plaintiff in error contends that his claim should have been placed in the preferred class: first, under the equitable rule concerning railroads under receivership, etc.; and second, under the provisions of Sections 6998, 6999 and 7000, Revised Statutes, 1908. Assuming, without deciding, that the services rendered come within the class covered by these sections, this court has heretofore held that they were not intended to give such claims a preference upon the corpus of the mortgaged property. —*Central Savings Bank v. Newton,* 59 Colo. 150, 147 Pac. 690.

The defendant in error presents three alleged reasons why this claim should not take precedence over the indebtedness secured by the mortgage under the equitable rule pertaining to insolvent railroads in the hands of receivers, etc.: First, because the evidence fails to show any diversion of funds from the income account of the defendant in error railroad, to the capital account, a fact which it is claimed must be shown in order to entitle a common creditor to a preference over the bondholders; second, that a consulting attorney is not within the class of claimants entitled to such preference; and

third, that only claims accruing within six months prior to the receivership are entitled to preference, in the absence of very exceptional circumstances. The trial court appears to have based its ruling solely upon this latter contention; as it is decisive of the case, we will do likewise. Assuming without deciding, that otherwise the claim was entitled to preference, the general equitable rule which places them ahead of the mortgage debt, limits it to those accruing within the six months prior to the appointment of the receiver, except for some particular reason in an extreme case.—*Westinghouse Air Brake Co. v. K. C. So. Ry. Co.*, 137 Fed. 26, 71 C. C. A. 1; *Thomas v. P. & R. I. Ry. Co.* (C. C.), 36 Fed. 808; *Blair v. St. Louis, H. & K. R. Co.* (C. C.), 22 Fed. 471; *Id.* (C. C.), 23 Fed. 521; *Finance Co. v. C., C. & C. R. Co.* (C. C.), 52 Fed. 678; *Central Trust Co. v. E. T., V. & G. R. Co.*, 80 Fed. 624, 26 C. C. A. 30; *International T. Co. v. Townsend B. & C. Co.*, 95 Fed. 850, 37 C. C. A. 396; *Rodger Ballast Car Co. v. O., K. C. & E. R. Co.*, 154 Fed. 629, 83 C. C. A. 403.

The six months' limit being the general rule, do the facts of this case present any extraordinary circumstances which justify it being carried beyond that limit? The trial court was of opinion that they did not. The claim of the plaintiff in error accrued between May 1, 1910, and May 1, 1911. The receivers were appointed in June, 1912, over thirteen months after the last quarterly payment was due. This company was operating but a short line of railroad, some fifty odd miles in length; the plaintiff in error had actual, as well as constructive knowledge of the bonded indebtedness over two years prior to the appointment of the receivers, and took no steps other than repeatedly asking for payment, looking to its collection, although a part of his claim was due for about twenty months, some sixteen months, and all over thirteen months prior to the appointment of the re-

ceivers, and for this latter period of time after he had ceased to be employed by the railroad. In such circumstances, we cannot agree that the trial court erred in holding that there were no exceptional circumstances shown which would take it out of the six months' limitation period.

The judgment is affirmed.

*Affirmed.*

Mr. JUSTICE WHITE and Mr. JUSTICE TELLER concur.